UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 4:18-CR-188-SDJ |
| | § |
| MIRANDA MOORE (3) | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Miranda Moore's Motion for Compassionate Release Under Section 3582(c)(1)(A), (Dkt. #215). The Government filed a response in opposition, (Dkt. #221).[1] The Court, having considered the motion, the subsequent briefing, and the applicable law, **DENIES** the motion without prejudice.

### I. BACKGROUND

Moore is currently serving a 117-month term of imprisonment at FMC Carswell after pleading guilty to conspiracy to possess with intent to manufacture and distribute 500 grams or more of methamphetamine or 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. § 846. At the time Moore filed her compassionate release motion, she had completed approximately twelve months of her sentence and had been disciplined once during that time for refusing to obey an order.

Citing risks to her health associated with COVID-19, combined with certain preexisting medical conditions, and the needs of her minor children, Moore requests that the Court reduce her sentence to time served and order her released from prison.

---

[1] The Government also filed a Motion for Extension of Time to File Response, (Dkt. #219). The Court concludes that such motion should be **GRANTED**.

1

Moore submitted a request to her warden requesting compassionate release on September 12, 2021, and filed this motion on September 20, 2021. *See* (Dkt. #215-1 at 3); (Dkt. #215). Moore requests that the Court stay consideration of her compassionate release motion until thirty days have passed from the day she made her request to the warden. The Government responds that the motion should be denied without prejudice because Moore did not exhaust her administrative remedies before filing the instant motion.

## II. Discussion

### A. 18 U.S.C. § 3582(c)(1)(A)

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A)(i), commonly referred to as compassionate release.

Section 3582(c) was enacted as part of the Sentencing Reform Act of 1984. Importantly, a court may not consider any modification to a defendant's sentence under Section 3582(c)(1)(A)(i) unless the defendant has first met Section 3582(c)(1)(A)'s exhaustion requirement, which requires that the defendant's request for a sentence reduction first be presented to BOP for its consideration. Then, only after thirty days have passed or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on the defendant's behalf, may a defendant move for a sentence reduction with the court. § 3582(c)(1)(A).

**B. Moore's Motion**

It is undisputed that Moore did not meet Section 3582(c)(1)(A)'s exhaustion requirement, but Moore asks that the Court stay consideration of her motion until the thirty-day period expires. The Government does not address Moore's request for a stay but does argue that because Moore failed to exhaust prior to filing her motion, it should be denied without prejudice.

The exhaustion requirement is mandatory, and the Court is unaware of any supportive case law from this circuit allowing a district Court to stay and then consider Moore's motion, as the statute states that the Court may only modify a sentence "*upon motion of the defendant after* the defendant has fully exhausted all administrative rights . . . or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier . . . ." § 3582(c)(1)(A) (emphasis added). Indeed, the Fifth Circuit has held that where a defendant achieves exhaustion during the pendency of a motion for reconsideration of a proper denial of compassionate release, that exhaustion is "irrelevant," as prisoners are required to properly exhaust *before* filing the motion and "[t]he district court [does] not have discretion to excuse his failure to do so." *United States v. Garrett*, 15 F.4th 335, 340 (5th Cir. 2021) (citing *Gonzalez v. Seal*, 702 F.3d 785, 788 (per curiam) (5th Cir. 2012)); *cf. Gonzalez*, 702 F.3d at 788 (holding, in a Prison Litigation Reform Act suit, that "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding."). The Fifth Circuit has also held that Section 3582(c)(1)(A)'s exhaustion requirement is a "paradigmatic mandatory claim

3

processing rule" that "specifies what a defendant must do before she files a motion for compassionate release in federal court." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 141 S.Ct. 920, 208 L.Ed.2d 466 (2020) (denying a prisoner's request to excuse Section 3582(c)(1)(A)'s textual requirement that she file a request with the BOP before filing her compassionate release motion in federal court).

Applying the Fifth Circuit's reasoning to Moore's motion, even though thirty days have now passed since she petitioned the BOP, "[a]n intervening change in circumstance—such as exhausting previously unexhausted administrative remedies—is not a proper basis" for the Court to consider her motion. *See Garrett*, 15 F.4th at 340; *see also United States v. Reeves*, No. CR 18-294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("§ 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period."); *but see United States v. Stanard*, No. CR16-320-RSM, 2020 WL 1987072, at *4 (W.D. Wash. Apr. 27, 2020) (holding that "[a]lthough Defendant provides no statutory or legal authority in support of this request, the Court finds that a stay best favors the interests of judicial economy in this instance," and ordering the parties to inform the Court immediately if the BOP acted on defendant's compassionate release request).

Thus, the Court concludes that Moore's motion will be denied without prejudice.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant Miranda Moore's Motion for Compassionate Release Under Section 3582(c)(1)(A), (Dkt. #215), is hereby **DENIED** without prejudice.

It is further **ORDERED** that the Government's Motion for Extension of Time to File Response, (Dkt. #219), is **GRANTED**.

**So ORDERED and SIGNED this 13th day of May, 2022.**

 

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE